United States District Court
Southern District of Texas
**ENTERED**
September 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY ORTIZ,<br>(TDCJ #00753367),<br><br>*Petitioner*,<br><br>vs.<br><br>ERIC GUERRERO, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division,<br><br>*Respondent*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-26-8181 |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Anthony Ortiz, (TDCJ #00753367), is currently incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1996 conviction for murder. (Dkt. 1). Under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, the Court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief." After considering Ortiz's petition, all matters of record, and the law, the Court dismisses his petition for the reason explained below.

## I. BACKGROUND

Publicly available records show that a jury found Ortiz guilty in 1996 of murder in Harris County Cause Number 680202. *See Ortiz v State*, No. 11-96-162-CR, 1997 WL 33804122 (Tex. App.–Eastland, Nov. 26, 1997, pet. ref'd) (mem. op., not designated for publication). The trial court sentenced him in accordance with the jury's verdict to life in prison. *Id.* The Eleventh Court of Appeals affirmed Ortiz's conviction and sentence in November 1997. *Id.* His petition for discretionary review was refused on April 10, 1998. *See* Case Search, www.txcourts.gov (visited Sept. 24, 2026). Ortiz never filed an application for a state writ of habeas corpus. *Id.*

In April 2024, Ortiz filed a pleading entitled "Motion for Sentence Reduction." *See Ortiz v. Lumpkin*, No. 4:24-cv-1608 (S.D. Tex. Aug. 22, 2024), at Dkt 1. The Court construed the motion as an attempt to file a petition for a federal writ of habeas corpus, and it ordered Ortiz to file an amended petition on the approved form if he wished to pursue relief. *Id.* at Dkt 3. Ortiz filed an amended petition, raising two claims of ineffective assistance of counsel, one claim of insufficiency of the evidence, and a claim of actual innocence. *Id.* at Dkt 5.

After reviewing the amended petition, the Court ordered Ortiz to show cause why his petition should not be dismissed as barred by limitations and for failing to exhaust his state remedies. *Id.* at Dkt 9. Ortiz responded to the order, but he did not

address the timeliness of his petition or the lack of exhaustion. *Id.* at Dkts. 10, 11, & 15. On August 22, 2024, the Court dismissed the amended petition with prejudice as barred by the statute of limitations. *Id.* at Dkts 16, 17. Ortiz did not appeal that ruling.

On September 21, 2026, Ortiz filed his current habeas corpus petition, specifically invoking 28 U.S.C. § 2254. (Dkt. 1). He raises three claims of ineffective assistance of counsel and a claim of prosecutorial misconduct. (*Id.* at 3-4). He denies having filed a prior habeas petition, and instead alleges that all three of these claims are raised for the first time in this petition. (*Id.* at 4–5). He claims that his petition should not be time-barred because he has permission from the Fifth Circuit to file it. (*Id.* at 5). As relief, he seeks an evidentiary hearing at which he could establish his innocence. (*Id.* at 4).

## II. DISCUSSION

Ortiz's petition for federal habeas corpus relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 590 U.S. 504, 509 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). However, before a prisoner will be permitted to file a second or successive petition, he "must

first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies [AEDPA]'s gatekeeping requirements." *Id.*

ADEPA does not define what constitutes a "second or successive" petition. The Fifth Circuit has held that a prisoner's petition is not "second or successive" simply because it follows an earlier federal petition. *See In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Instead, a later petition is successive only "when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Id.* To avoid the successiveness bar, a prisoner may not bring claims that were "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 590 U.S. at 509 (citing 28 U.S.C. § 2244(b)(2)). But even if the petitioner's claims appear to meet this standard, a district court cannot consider them without an order from the Court of Appeals authorizing the district court to do so. *See* § 2244(b)(3)(A). Absent such authorization, the district court lacks jurisdiction to consider the petition.

Because Ortiz challenged the same state-court conviction in a previous federal habeas petition and because the issues he raises now could have been raised in that earlier petition, his current petition is successive under 28 U.S.C. § 2244(b). Before

this Court may consider it, Ortiz must obtain authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). And while Ortiz alleges that he obtained permission, this Court has no record of an order from the Fifth Circuit authorizing him to file a successive petition. Further, review of the Fifth Circuit's case filings does not show that Ortiz has filed any request in that court for such authorization.

Because Ortiz has not obtained authorization to file a successive petition, his current petition must be stricken for lack of jurisdiction. If Ortiz wishes to proceed with his claims, he must seek authorization in a separate proceeding filed in the Fifth Circuit Court of Appeals.

## III. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When the denial of relief is based on

procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Ortiz has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Ortiz's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice for lack of jurisdiction.

2. All pending motions are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED at Houston, Texas on Sept 28, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE